2017 UT App 39

## THE UTAH COURT OF APPEALS

DAVID GLASSCOCK,
Appellant,

*v.*

STATE OF UTAH,
Appellee.

Per Curiam Decision
No. 20150242-CA
Filed March 2, 2017

Third District Court, Salt Lake Department
The Honorable Paul B. Parker
No. 130901361

David Glasscock, Appellant Pro Se

Sean D. Reyes and Erin Riley, Attorneys for Appellee

Before JUDGES STEPHEN L. ROTH, KATE A. TOOMEY, and DAVID N. MORTENSEN.

PER CURIAM:

¶1    David Glasscock appeals the dismissal of his petition for post-conviction relief. We affirm.

¶2    The district court dismissed Glasscock's petition for post-conviction relief after determining that it was time-barred under Utah Code section 78B-9-107(1). "We review an appeal from an order dismissing or denying a petition for post-conviction relief for correctness without deference to the lower court's conclusions of law." *Gardner v. State*, 2010 UT 46, ¶ 55, 234 P.3d 1115 (citation and internal quotation marks omitted).

¶3    Utah Code section 78B-9-107(1) states that "[a] petitioner is entitled to relief only if the petition is filed within one year after the cause of action has accrued." Utah Code Ann. § 78B-9-

107(1) (LexisNexis 2012). The statute goes on to set forth the dates upon which the cause of action accrues:

> (a)     the last day for filing an appeal from the entry of the final judgment of conviction, if no appeal is taken;
> (b)     the entry of the decision of the appellate court which has jurisdiction over the case, if an appeal is taken;
> (c)     the last day for filing a petition for writ of certiorari in the Utah Supreme Court or the United States Supreme Court, if no petition for writ of certiorari is filed;
> (d)     the entry of the denial of the petition for writ of certiorari or the entry of the decision on the petition for certiorari review, if a petition for writ of certiorari is filed;
> (e)     the date on which petitioner knew or should have known, in the exercise of reasonable diligence, of evidentiary facts on which the petition is based; or
> (f)     the date on which the new rule described in Subsection 78B-9-104(1)(f) is established.

*Id.* § 78B-9-107(2). Here, Glasscock pled guilty to attempted aggravated abuse of a child and was sentenced on November 6, 2003. Glasscock never filed a notice of appeal.

¶4     Glasscock filed his petition for post-conviction relief on February 25, 2013. The district court summarily dismissed two grounds raised in the petition, but ordered the State to respond to the remaining grounds. The State, in turn, filed a motion to dismiss arguing that the petition was time-barred under section 78B-9-107. The petition was not filed within one year of the last day for filing a notice of appeal. Accordingly, Glasscock's claims are time-barred unless subsections (e) or (f) apply. Glasscock asserted that he was unaware of the requirement to register as a

sex offender, which is the basis of his claims, until April 19, 2010. Thus, even assuming for the sake of argument that this is the day that Glasscock knew or should have known about the registration requirement, he was required to file his petition within one year of that date. *See id.* § 78B-9-107(2)(e). However, he did not file his petition until February 25, 2013, almost three years after becoming aware of the facts upon which his petition is based, thereby making the petition untimely.

¶5     Glasscock argues that the time for filing the petition for post-conviction relief should have been tolled because certain conditions prevented him from timely filing the petition. However, those conditions did not occur until well after a year had passed following his alleged discovery of his requirement to register as a sex offender. The district court correctly concluded that these alleged disabilities could not have prevented Glasscock from timely filing a petition for post-conviction relief because they did not occur until well after a year following the discovery of his potential claim on April 19, 2010.

¶6     Finally, Glasscock argues on appeal that the "interests of justice" exception to the post-conviction remedies time bar applies to this matter because it was in effect when he was sentenced. *See* Utah Code Ann. § 78-35a-107(3) (West 2003). However, Glasscock did not preserve this argument in the district court. *See Brookside Mobile Home Park, Ltd. v. Peebles*, 2002 UT 48, ¶ 14, 48 P.3d 968 ("[I]n order to preserve an issue for appeal, the issue must be presented to the trial court in such a way that the trial court has an opportunity to rule on that issue."). Issues that are not raised at trial are usually deemed waived. *See id.* Accordingly, because the issue was not properly preserved in the district court, and because Glasscock has not alleged that we should review the issue under plain error or under the exceptional circumstances doctrine, we do not address it.

¶7     Affirmed.

_____